Hoffman vs. Eppers. .

*By the Court.* — Judgment affirmed.

## HOFFMAN vs. EPPERS.

PLEADING. *(1, 2) What constitutes a general denial.*
ASSAULT AND BATTERY: EVIDENCE. *(3, 4) When intention of act important. (5) When conspiracy may be shown. (6) Proper evidence of conspiracy.*

1. Under our statutes, any words which fairly import a denial of all the averments of the complaint, constitute a good general denial.
2. Thus, in a civil action for assault and battery, an answer "that defendant is not guilty of the grievances alleged in the complaint, or any or either of them, or any part thereof," *held*, a sufficient general denial, under the rule of sec. 21, ch. 125, R. S.
3. In a civil action for an assault and battery, the *intention* with which the acts complained of were performed, may be important, not only as bearing upon the question of damages, but even in determining whether such acts constituted a tort.
4. If A. arouses B. from a drunken stupor, and endeavors to assist him to a court where B. is required as a witness, doing this as a friendly act, in a gentle manner, with an honest purpose to do B. no injury, but only to aid him in reaching the court, A. is not liable in damages for such acts, although during their performance B. may suffer an accident or injury caused by an agency for which A. is not responsible.

5. Where the question of an honest and friendly purpose in the acts complained of is at issue, plaintiff may show that defendant had engaged at the time in a conspiracy to injure him, where that fact will have a direct bearing upon the question of motive in the acts alleged.

6. But mere declarations of a third person are not admissible in proof of such a conspiracy, without evidence that such person was one of the conspirators.

APPEAL from the Circuit Court for *Kenosha* County.

The action is to recover damages for an assault and battery alleged to have been committed by the defendant upon the plaintiff. The complaint sets out at considerable length the particulars of the alleged battery, and certain facts attending it, which are only material on the question of damages. The answer is, that " the defendant is not guilty of the grievances in the plaintiff's complaint alleged, or any or either of them, or any part thereof."

The plaintiff objected, on the trial, to the admission of any evidence under the answer, on the ground that it contains neither a general nor a specific denial of any of the allegations of the complaint.

The testimony in the case tended to show that the parties came from their respective residences in a neighboring town to the city of Kenosha to attend a lawsuit as witnesses; that they were together there, and drank with each other several times, and both became intoxicated; that the friends of the plaintiff took him to a hotel and put him to bed; that when the time for the suit to be called had nearly arrived, the defendant went to the room where the plaintiff was, aroused him, took him down stairs and into the street, and started with him in the direction of the court; and that the direct injuries complained of were inflicted by the defendant while so engaged. It appears that after the defendant got the plaintiff into the street, the latter was arrested and locked up in jail until the next morning, when he was taken before a magistrate and fined for being drunk and disorderly in the streets of the city.

The material portions of the instructions which the court gave the jury, are as follows:

" 1. For the plaintiff to recover, he must satisfy you, by the preponderance of evidence, that the defendant assaulted and beat him in the manner set out in the complaint which you have heard read.  He must prove by a preponderance of evidence, again, either that the defendant's intention was unlawful, or that he was at fault.

" 2. I shall call your attention to a paragraph of law.  Professor Greenleaf, in his second volume on evidence, in treating of an action of assault and battery for special damages, says:  ' The intention to do harm is of the essence of an assault, and this intent is to · be collected by the jury from the circumstances of the case.'  This is simply an assault.  Then we come over to section 85, which is a battery.  This is an action, you will understand, for an assault and battery.  ' And here also the plaintiff must come prepared with evidence to show, either that the intention was unlawful or that the defendant was in fault; for if the injury was unavoidable, and the conduct of the defendant was free from blame, he will not be liable.  Thus, if one intend to do a lawful act, as to assist a drunken man, or prevent him from going without help, and in so doing a hurt ensue, it is no battery; so if a horse by a sudden fright runs away with his rider, not being accustomed so to do, and runs against a man; or if a soldier, in discharging his musket by lawful military command, unavoidably hurts another, it is no battery, and in such case the defense may be made under the general issue.'  So that the intention in this action has a good deal to do with it.  You must find from the weight of evidence, or preponderance of evidence, that the defendant intended the wrong, or that he was at fault.

" 3. If you find that the plaintiff and defendant were drinking together in the city of Kenosha upon friendly terms, and both became intoxicated, and that defendant assisted in taking

the plaintiff from the bed, and went with him upon the street, to take him to the justice's court, honestly believing that the plaintiff was required there as a witness, and that the defendant did not intend to injure the plaintiff, then your verdict should be for the defendant.

"4. The defendant is not liable for any supposed injury to the plaintiff resulting from his arrest and fine, unless you find from the evidence that the defendant intentionally procured or caused his intoxication and arrest."

The remainder of the charge relates to the rule of damages.

Four instructions were asked on behalf of the plaintiff, and refused. The first concerned the damages alone; the second and third were to the effect that the intention of the defendant is immaterial and should not be considered; and the fourth was as follows: "If the plaintiff was drunk, and so drunk as to disturb others upon the public streets, and if defendant unlawfully took him on the public streets in that condition, and, in consequence of being so taken upon the streets, the plaintiff was found in that condition, and imprisoned by reason of being so found, then he is entitled to recover of defendant such actual damages as he has sustained by reason of such imprisonment."

The jury found for the defendant; a new trial was denied; and from a judgment entered pursuant to the verdict, the plaintiff appealed.

*Henry Wiesmann* and *J. V. Quarles,* for appellant:

1. The answer that defendant "is not guilty of the grievances in the complaint alleged," merely states a legal conclusion, and does not traverse any fact alleged in the complaint; and the court should have sustained plaintiff's objection to the admission of any evidence under the answer. 2. If defendant was *at fault* in the transaction, his *intention* had nothing to do with it; and the court should have so charged. 2 Greenl. Ev., §§ 85, 94, 270; 1 Chitty's Pl., 147. But it is undeniable that the defendant was in fault, in that he

entered plaintiff's private apartment without lawful authority, and laid hands upon him while sleeping in his bed. The defendant's own intoxication at the time cannot excuse this fault. Whatever bearing, therefore, his intention may have upon the question of exemplary damages, it cannot affect plaintiff's right to recover his actual damages. *Frank v. Avery,* 21 Wis., 172; *Timm v. Bear,* 29 id., 264; *Wilson v. Noonan,* 35 id., 321. The erroneous impression produced upon the jury by the judge's statement that the "intention had a good deal to do with it," was increased by the fact that, after reciting the law from Greenleaf, he omitted to read the very clause in the text which was applicable to this case. The court erred, therefore, in the instruction given, and in refusing to correct this omission by charging, as requested by the plaintiff, that if defendant unlawfully laid hands upon the plaintiff, then his secret intention was immaterial. It also clearly erred in charging, at defendant's request, that "if the plaintiff and defendant were drinking together upon friendly terms, and both became intoxicated, and defendant assisted in taking plaintiff from the bed, and went with him upon the street to take him to the justice's court, honestly believing that the plaintiff was required there as a witness, and if defendant did not intend to injure the plaintiff, then the verdict should be for the defendant." Even upon the facts here supposed, plaintiff was entitled to recover his *actual* damages resulting from defendant's *unlawful* acts. 3. The court erred in rejecting the evidence offered to show a conspiracy between the defendant and others to get the plaintiff drunk and incarcerated. 4. The court erred in refusing the last instruction requested by the plaintiff, and in charging that defendant was not liable for any injury to plaintiff resulting from his arrest and fine for being intoxicated, unless defendant intentionally procured or caused his intoxication and arrest. The statute does not punish the act of intoxication, but the act of *being found in a public place* in such a state of intoxication as to *disturb*

*others.* To speak of the plaintiff, therefore, as having been arrested for being intoxicated, was to misstate the law and mislead the jury. The arrest, imprisonment and fine of the plaintiff were the direct and immediate result of the defendant's unlawful acts. Plaintiff was sleeping soundly when defendant intruded upon him, and would not of his own accord have violated the law. He was punished for being where the defendant carried him against his will. Defendant was clearly liable, at least in actual damages, because his unauthorized interference was the proximate cause of the injuries. *Scott v. Shepherd,* 2 W. Black., 892; *Powell v. Salisbury,* 2 Y. & J., 391; *Oliver v. La Valle,* 36 Wis., 598; *Vandenburg v. Truax,* 4 Denio, 464; Sedgw. on Dam., 99.

For the respondent, a brief was filed signed by *F. S. Lovell* and *D. S. Wegg,* and the cause was argued orally by *Mr. Wegg.* They contended, 1. That the answer contained a sufficient denial (Gould's Pl., 307; *Lewis v. Smith,* 2 Disney, 434); and even if it was technically insufficient, it might have been amended on the trial, and plaintiff would not have been injured by such an amendment, and was not injured by the admission of evidence under the answer, and hence the defect, if any, has been cured by the verdict. *Hodge v. Sawyer,* 34 Wis., 397; *N. W. Iron Co. v. Ins. Co.,* 26 id., 78. 2. That where two persons go upon a "spree," each purchasing liquor for the other, and both become intoxicated, neither can recover damages for an unintentional injury inflicted by the other. *Singleton v. Williamson,* 7 H. & N., 410. Under the evidence in this case, the circuit court would have been warranted in directing the jury to find for the defendant. No error in the record, therefore, will reverse the judgment. 3. That there was no error in rejecting evidence of words claimed to have been spoken in a saloon by a person not connected in any way with the defendant, nor shown to have been one of the alleged conspirators. 4. That the evidence in regard to the *intent* with which the defendant's acts were done,

was properly admitted (*Wilson v. Noonan*, 35 Wis., 321, 353, 356; *Wilson v. Young*, 31 id., 574); and the remark of the circuit judge, " that the intention in this action has a good deal to do with it," was clearly correct, since the absence of the intent to do wrong will at least defeat the recovery of punitory damages, in every case of assault and battery. 5. That there was no error in the fourth instruction above recited as given by the court, and refusing the fourth instruction asked for the plaintiff. Damages resulting to the plaintiff from the arrest, imprisonment and fine, could only accrue upon the *arrest*. This was caused, as the evidence shows, by plaintiff's own act. Defendant might be liable for bringing the plaintiff into the street, and yet not be liable for his arrest, if this might have been easily avoided by the plaintiff himself. 1 Waterman on Trespass, § 114; *Loker v. Damon*, 17 Pick., 284. 6. There was no error in giving the first instruction asked by defendant. The jury must have found, under it, that defendant's acts were not done against the plaintiff's will, but were mere acts of assistance, rendered at plaintiff's request, or which he willingly accepted.

LYON, J. I. No formula of a general denial is given in the statute, and hence any words which fairly import a denial of all the averments of the complaint, is a good general denial. We think such is the import of the answer in the present case. Certainly the pleader so intended it, and it is scarcely possible that the counsel for the plaintiff could have been misled by it. The answer is in the form of the general issue, under the common-law system of pleadings, in actions on the case for torts; and such form has a definite, well settled and well understood signification. Construed with a view to substantial justice between the parties, we find no difficulty in holding the answer a good general denial. R. S., ch. 125, sec. 21.

II. It was certainly lawful for the defendant to arouse the

plaintiff from his drunken stupor, and to endeavor to assist him to the court where he was required as a witness; and if the defendant did this as a friendly act, in a gentle and friendly manner, with an honest purpose to do the plaintiff no injury but only to aid him to reach the court, he is not liable to respond in damages for such acts. As we understand the charge of the learned circuit judge, he substantially so stated the law to the jury; and there is sufficient testimony tending to show that such was the motive and purpose of the defendant's conduct, to render the instructions applicable to the case. The passage from Greenleaf on Evidence, which the judge read to the jury, sustains this view of the law. "If one intend to do a lawful act, as to assist a drunken man, or prevent him from going without help, and in so doing a hurt ensue, it is not battery." 2 Greenl. Ev., § 85.

It is earnestly argued that the judge should also have read the following passage found in the same section: "But to make out a defense under this plea, it must be shown that the defendant was free from any blame, and that the accident resulted entirely from a superior agency." The judge was not asked to read this passage to the jury; and besides, the jury were instructed, in substance, that to relieve the defendant from liability, it must appear that he acted in good faith and from lawful motives — in other words, "that he was free from any blame." If he was free from blame, it does not seem very material whether the injuries of the plaintiff resulted from a *superior*, or some other agency. The meaning of the learned author whose language is above quoted, doubtless was, that, to make out the defense which he was considering, the accident must be caused by some agency for which the defendant is not responsible.

III. It necessarily follows from what has already been said, that the remark of the judge that "the intention in this action has a good deal to do with it" (which remark has been quite sharply criticised), is strictly true. It also follows that the

instructions on that subject proposed on behalf of the plaintiff, were properly refused. Such proposed instructions ignored the principle that the motives and intentions of the defendant were material on the question of damages. Hence, they were properly refused for that reason, if for no other.

IV. A witness called by the plaintiff testified that before the plaintiff was injured, and on the same day, he heard a per-son (whose name was not given) say something in the pres-ence of the parties (who were then drinking in a saloon) about putting the plaintiff in jail. The witness was then asked what was said. The question being objected to, counsel for the plaintiff made the following statement and offer: " In con-nection with this question, I offer to show that there was a conspiracy existing then and there between *Valentine Eppers*, defendant, Peter Wagner and another, and divers other per-sons there present, to get *Mr. Hoffman*, the plaintiff, intoxi-cated, so that his testimony could not be used in the case of the state against Daniels, and also get him incarcerated in the county jail." The offer to prove a conspiracy for the purpose of rendering the testimony admissible as to what was said about putting the plaintiff in jail, went upon the ground that, a conspiracy being proved, the declarations and acts of one of the conspirators are admissible in evidence against his cocon-spirators. The fault in the offer is, that it was not proposed to show that the person whose declarations the plaintiff was attempting to prove, was one of the alleged conspirators.

Had there been an independent offer of testimony tending to prove that the defendant was a party to a conspiracy to get the plaintiff intoxicated and to have him sent to jail, we in-cline to think it should have been received. Proof of such conspiracy would, we think, go far to disprove that the de-fendant acted from honest, lawful motives, when he aroused the plaintiff and tried to get him to the court.

V. The remaining questions discussed by counsel relate to the rule of damages. The jury having found that the plaintiff

is not entitled to recover, these questions become immaterial, and will not be determined.

*By the Court.* — The judgment of the circuit court is affirmed.